UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>Plaintiff,<br><br>v.<br><br>SWATCH GROUP (U.S.) INC.,<br><br>Defendant. | No. 2:21-cv-00482-DAD-AC<br><br><br><br>ORDER TO SHOW CAUSE |

On March 17, 2021, plaintiff filed the complaint initiating this action in this federal court, alleging two causes of action: (1) a federal claim that defendant violated the Americans with Disabilities Act of 1990 ("ADA") and (2) a state law claim that defendant violated the Unruh Civil Rights Act. (Doc. No. 1.) In his prayer for relief, plaintiff seeks injunctive relief on his ADA claim (specifically, an order requiring defendant to provide accessible sales or transaction counters at the Omega Boutique watch store he visited), and plaintiff seeks actual and statutory damages on his state law claim. (*Id.* at 7.) Plaintiff alleged that this federal court has subject matter jurisdiction over this action based on 28 U.S.C. § 1331 (federal question) for his ADA claim and that the court has supplemental jurisdiction over plaintiff's state law claim. (*Id.* at 2.)

However, in connection with defendant's pending motion for summary judgment (Doc. No. 14), defendant has stated as undisputed fact No. 46 that: "Omega Boutique permanently closed on September 15, 2021. On September 27, 2021, the property was turned over to the

1 landlord. [Defendant] has no plans to reopen the Omega Boutique that is the subject of this
2 lawsuit." (Doc. No. 14-2 at 6–7.) For evidentiary support of this fact, defendant cited to the
3 declaration of its Retail Development Manager, which the court has confirmed supports those
4 factual assertions. (*See* Doc. No. 14-3 at ¶¶ 1, 50, 51.)

Plaintiff did not initially respond at all to defendant's motion for summary judgment, in which defendant advances several arguments, including that this court now lacks subject matter jurisdiction over this case because plaintiff's ADA claim has been rendered moot. Only after the court issued an order to show cause to plaintiff due to his failure to respond to defendant's summary judgment motion did plaintiff file his opposition to the motion. (Doc. No. 18.) Critically, however, plaintiff neither acknowledges the undisputed fact that the Omega Boutique store that he visited and as to which he seeks injunctive relief is permanently closed, nor does plaintiff address defendant's arguments that his ADA claim—the only basis for this court's subject matter jurisdiction over this action—has been rendered moot. Indeed, in reproducing defendant's statement of facts to add his response column, plaintiff omits undisputed fact No. 46 completely. (*See* Doc. No. 17-2 at 23.)

A private plaintiff can only sue for injunctive relief under the ADA. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). "An ADA claim is moot if the premise complained of closes with no plans to reopen or if the defendant no longer owns or controls the challenged premises." *Beggins v. Carpenter*, No. 2:18-cv-01550-KJM-AC, 2020 WL 7227562, at *6 (E.D. Cal. Dec. 8, 2020) (citing *Kohler v. Southland Foods, Inc.*, 459 F. App'x[1] 617, 618 (9th Cir. 2011) (affirming the dismissal of an ADA claim because the plaintiff's "claims for prospective injunctive relief became moot once the restaurant ceased operation"). In addition, even where a plaintiff asserts both an ADA claim for injunctive relief and an Unruh Act claim for damages, as plaintiff has done here, the Ninth Circuit has affirmed the district court's decision to dismiss the entire action. *See Kohler*, 459 F. App'x at 619 (holding that "the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over [plaintiff's] state-law

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

[Unruh] claims" after granting summary judgment in the defendant's favor on the plaintiff's ADA claim, which had been rendered moot).

Given plaintiff's failure to address the question of whether his ADA claim has been rendered moot, **plaintiff is ordered to show cause within 7 days from the date of entry this order why this case should not be dismissed for lack of subject matter jurisdiction**.[2] Alternatively, within 7 days from the date of entry of this order, plaintiff may file a request to voluntarily dismiss this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:  **October 28, 2022**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE

---

[2] The court further advises that in the event plaintiff's ADA claim is dismissed as having been rendered moot, the court is not inclined to exercise supplemental jurisdiction over plaintiff's state law claim.